Christ, J.
Section 3 of article VII of the By-Laws of the Democratic County Committee of Nassau County contains a provision which reads as follows: 1 ‘ Within ten days after the organization of the County Committee the Committeemen of each zone shall meet at the call of the Zone Chairman and shall elect an enrolled Democrat residing in the zone, who may or may not be committeeman, as chairman of the zone. The name and address of the person so elected shall be certified in writing to the Chairman of the County Committee. Such zone chairman shall continue in office until his successor is elected. If a zone chairman shall not be elected in accordance with the foregoing or if the meeting above provided for is not duly called or held within the specified time, the chairman of the County Committee may call such a meeting at any time and he or his designee shall be the presiding officer thereof.” Although notice is provided for, neither the form of notice nor the time of notice is set forth in detail, still there must be a notice given of the place where and when the meeting is to be held. The petitioner herein, Marie A. Beary was duly elected as a Democratic county committeeman of the Fifty-fourth Election District in the town of Hempstead, First Assembly District in Nassau County. This appears from a certification of the board of elections dated September 16, 1955. Mrs. Beary received no notice except one which said that there was to be a meeting at the Tudor Restaurant on Saturday, September 31, 1955 at 3:00 p.m. for the purpose of reorganization of the county committee. No other notice of any kind was given to Mrs. Beary. It will be noted *690 that there is no such date as September 31st, the address of the Tudor Restaurant was not specified and the reorganization of the county committee was apparently not the purpose for which the meeting was to be called.
There was a meeting held on October 1st, at which the respondent, John Meadowcroft, was purportedly elected as zone leader. Without proper notice to all of the committeemen entitled to attend, this meeting was a nullity and the election of the zone leader of no force and effect. According to the bylaws, since no zone chairman has been elected in accordance with their terms, the chairman of the county committee may call a meeting for that purpose. The language in respect to the chairman of the county committee is permissive. He does not appear to be compelled to call a meeting for the election of a zone chairman. However, it may he observed parenthetically that orderly procedure would suggest that a new meeting should be called with adequate notice given to those who are entitled to attend.
The meeting of the county committee of the Fourteenth Zone, First Assembly District, Nassau County is declared to be a nullity and the election of John Meadowcroft as zone chairman or executive member of no force and effect.
Settle order on notice.